UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FRANK LANDON ADAMS, JR.,

    Plaintiff,

vs.                                              Case No.  3:11-cv-337-J-37MCR

JP MORGAN CHASE BANK, N.A.,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Strike Defendant's Affirmative Defenses, Deny Request for Attorney's Fees, and Deny Defendant's Motion to Dismiss (Doc. 14) filed June 22, 2011.  Defendant filed its response in opposition to this Motion on July 8, 2011.  (Doc. 16).  Accordingly, the matter is now ripe for judicial review.

### I.  BACKGROUND

On March 14, 2011, Plaintiff filed the Complaint in this case in state court.  The Complaint alleged Defendant discriminated against Plaintiff due to a disability in violation of the Florida Civil Rights Act.  (Doc. 2).  The case was removed to this Court on April 11, 2011 and on April 28, 2011, Plaintiff filed an amended complaint to change the name of the Defendant.  (Doc. 9).  Defendant filed its answer and affirmative defenses to the Amended Complaint on June 2, 2011.  (Doc. 12).  Shortly thereafter, on June 21, 2011, Defendant filed an amended answer and affirmative defenses.  (Doc.

13). In the amended answer, Defendant raised thirteen defenses, requested an award of attorneys' fees, and asserted a counterclaim alleging breach of contract. Plaintiff now complains that all but the second defense are insufficient and should be stricken. Additionally, Plaintiff asks the Court to deny Defendant's request for attorneys' fees and to deny Defendant's motion to dismiss.[1] Defendant responds that Plaintiff's motion should be denied because it properly asserted its affirmative defenses and because Plaintiff failed to comply with Local Rule 3.01(g).[2]

## II. ANALYSIS

Rule 12(f) of the Federal Rules of Civil Procedure provides that upon a party's motion, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Pursuant to Rule 12(f), an affirmative defense may be stricken if it is legally insufficient, however, striking a defense is a "'drastic remedy[,]' which is disfavored by the courts." Thompson v. Kindred Nursing Centers East, LLC, 211 F.Supp.2d 1345, 1348 (M.D. Fla. 2002) (quoting Augustus v. Board of Public Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir. 1962) and Poston v. American President Lines Ltd., 452 F. Supp. 568, 570 (S.D. Fla. 1978)). "An affirmative defense is insufficient as a matter of law only if:

---

[1] Defendant has not filed a motion to dismiss. Instead, in its request for attorneys' fees, Defendant asked that Plaintiff's First Amended Complaint be dismissed. Because there is no motion to dismiss pending, the Court will disregard Plaintiff's request to deny such a motion.

[2] While Defendant is correct that Plaintiff failed to comply with Local Rule 3.01(g) and that such failure is a sufficient reason for the Court to deny Plaintiff's Motion, the Court will decline to deny on that basis. Plaintiff is cautioned, however, that he must comply with all rules of this Court and that several such rules were pointed out to him in the undersigned's Order dated April 15, 2011 (Doc. 6). Future failures to comply with the rules of this Court will result in the non-complying motion being either stricken or denied.

(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002) (citing Anchor Hocking Corp. v. Jacksonville Elec. Authority, 419 F.Supp. 992, 1000 (M.D. Fla. 1976)).  Moreover, "[a]n affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove." Florida Software Sys., Inc. v. Columbia/HCA Healthcare Corp., No. 97-2866-CIV-T-17B, 1999 WL 781812, at *1 (M.D. Fla. Sept. 16, 1999).  Finally, "a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Id.

Plaintiff asserts two main reasons why Defendant's affirmative defenses should be stricken.  First, Plaintiff claims Defendant failed to provide adequate factual support for the defenses.  Second, Plaintiff takes issue with the merits of several of Defendant's defenses.  At this point in the litigation, prior to discovery, the undersigned will decline to rule on the merits of any of the affirmative defenses.  Accordingly, the Court will focus its analysis on whether Defendant adequately pled its affirmative defenses.

Plaintiff argues that affirmative defenses are subject to the heightened pleading standard set forth in the Supreme Court cases of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56, 127 S.Ct. 1955 (2007) and Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009).  If this is correct, affirmative defenses which merely offer "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Moreover,

"[t]hreadbare recitals ... supported by mere conclusory statements, will not suffice," Iqbal, 129 S.Ct. at 1949, and instead, the factual allegations in a defense "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Defendant does not specifically address whether this heightened pleading standard should apply to affirmative defenses, however, Defendant does cite to both Iqbal and Twombly in its argument regarding whether the defenses are adequately pled. (Doc. 16, p.3).

In conducting its own research, the Court observed that the Eleventh Circuit has not yet determined whether the heightened pleading standard applies to affirmative defenses. However, many district courts within this circuit have addressed the issue and the majority have held that the Iqbal and Twombly standard does apply to affirmative defenses. See In re Fischer, No. 08-74070-MHM, 2011 WL 1659873 (Bankr. N.D. Ga. Apr 12, 2011); Mid-Continent Casualty Co. v. Active Drywall South, Inc., 765 F.Supp.2d 1360 (S.D. Fla. 2011); Castillo v. Roche Laboratories Inc., No. 10-20876-CIV, 2010 WL 3027726 (S.D. Fla. Aug 2, 2010); Bartram, LLC v. Landmark American Ins. Co., No. 1:10-cv-28, 2010 WL 4736830 (N.D. Fla. Nov. 16, 2010); Torres v. TPUSA, Inc., No. 2:08-cv-618, 2009 WL 764466 (M.D. Fla. Mar. 19, 2009); and Home Management Solutions, Inc. v. Prescient, Inc., No. 07-20608, 2007 WL 2412834 (S.D. Fla. Aug. 21, 2007). The majority position is based on two main considerations. First, is that "fairness, common sense and litigation efficiency require application of the same standard to both complaints and defenses" and therefore, "[t]he pleading of a defense should provide more than merely the possibility that the defense may exist." In

re Fischer, 2011 WL 1659873, at *1.  The second consideration is the belief that defenses which are nothing more than "boilerplate recitations or conclusory allegations clutter the docket and create the need for unnecessary or extended discovery." Id.

On the other hand, the Court also located a line of cases from this circuit holding the heightened pleading standard in Iqbal and Twombly does not apply to affirmative defenses.  See Floyd v. SunTrust Banks, Inc., No. 1:10-CV-2620-RWS, 2011 WL 2441744 (N.D. Ga. June 13, 2011); Jackson v. City of Centreville, 269 F.R.D. 661 (N.D. Ala. 2010); Pension Benefit Guaranty Corp. v. Divin, No. 4:08-CV-151, 2010 WL 2196114 (M.D. Ga. May 27, 2010); Sembler Family Partnership No. 41, Ltd. v. Brinker Florida, Inc., No. 8:08-cv-1212, 2008 WL 5341175, at *4 (M.D. Fla. Dec. 19, 2008); and Blanc v. Safetouch, Inc., No. 3:07-cv-1200, 2008 WL 4059786, at *1 (M.D. Fla. Aug. 27, 2008).  The rationale supporting this line of cases is that there is a difference between Rule 8(a) of the Federal Rules of Civil Procedure, which deals with the pleading requirements for complaints, and Rules 8(b) and (c), which deal with the pleading requirements for defenses.  See Jackson, 269 F.R.D. at 662.  While Rule 8(a)(2) requires a pleading stating a claim for relief to include "a short and plain statement of the claim **showing** that the pleader is entitled to relief," Rules 8(b) and 8(c) only require parties to **state** their defenses.  Rule 8, Fed.R.Civ.P. (emphasis added).  The Supreme Court, in establishing the heightened standard of Twombly and Iqbal on pleadings stating a claim for relief, "relied heavily on the rule language purporting to require a 'showing' of entitlement to relief, meaning, according to the Supreme Court, that the pleader of a claim for relief must allege sufficient facts to 'show' that the claim is

'plausible.'" 2 Moore's Federal Practice, §8.08[1] (Matthew Bender 3d ed.). Accordingly, having based the heightened pleading requirement "in pleading a claim for relief on rule language requiring a 'showing', the quite different rule language covering pleading of affirmative defenses should eliminate any plausibility requirement" for affirmative defenses. Id.

     Moreover, as the Jackson court noted, the Eleventh Circuit has not extended the requirements of Rule 8(a) to affirmative defenses. Jackson, 269 F.R.D. at 662. Indeed, the Eleventh Circuit has repeatedly emphasized that the purpose of Rule 8(c) is simply to provide the plaintiff with notice of an affirmative defense that may be raised at trial. Id. (citing Hassan v. U.S. Postal Service, 842 F.2d 260, 263 (11th Cir. 1988) and Hewitt v. Mobile Research Technology, Inc., 285 F.App'x. 694, 696 (11th Cir. 2008)).  In both cases, the Eleventh Circuit noted that a defendant may be permitted to raise an affirmative defense at trial that the defendant did not even plead, so long as the plaintiff had notice of the defense. The undersigned finds this rationale compelling. If it is not even required that a defendant plead an affirmative defense (so long as the plaintiff has notice of the defense), it cannot be necessary for a defendant to include factual allegations supporting each affirmative defense. Instead, what must be required is that the affirmative defense as pled gives the plaintiff adequate notice of the defense.

     The undersigned is also persuaded by the rationale that requiring affirmative defenses to contain detailed factual allegations is unfair to defendants. Whereas plaintiffs have the opportunity to conduct investigations prior to filing their complaints,

defendants, who typically only have twenty-one days to respond to the complaint, do not have such a luxury.

> At this point in time, defendants may not have all of the facts needed to plead affirmative defenses with sufficient factual specificity to meet "plausibility" standards. Thus, requiring "plausibility" – that is, requiring factual pleading of affirmative defenses – is likely to accomplish little more than encouraging a flurry of motions to strike affirmative defenses.

2 Moore's Federal Practice, §8.08[1]. As noted above, motions to strike are disfavored by courts and therefore, the undersigned is persuaded that the Supreme Court did not intend for a standard, which would result in more motions to strike, to be applied to affirmative defenses.

For the foregoing reasons, the undersigned finds affirmative defenses are not subject to the heightened standards announced in Twombly and Iqbal and therefore, the Court will examine Defendant's affirmative defenses to determine whether they are sufficient to put Plaintiff on notice of the potential defenses he will face.

### A.     Defendant's First Affirmative Defense

Defendant's first affirmative defense alleges that Counts I and II "should be dismissed in their entirety and with prejudice because Plaintiff, in exchange for severance and transition pay received from Chase, signed a Release Agreement, attached as Exhibit "1", that released and discharged Chase from the claims asserted in Counts I and II of the Complaint." (Doc. 13, p.12). Plaintiff argues this defense is not a defense, but rather, a conclusory statement. The Court does not agree. Defendant's first affirmative defense gives Plaintiff fair notice of its nature. Defendant attached a

copy of the release to the Answer and "'a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" Nankivil v. Lockheed Martin Corp., 216 F.R.D. 689, 691 (M.D. Fla. 2003), aff'd, 87 F. App'x. 713 (11th Cir. 2003) (quoting Reyher v. Trans World Airlines, Inc., 881 F.Supp. 574 (M.D. Fla. 1995); Florida Software Sys., Inc., 1999 WL 781812, at *1. In the present case, Plaintiff has not claimed that this defense has no relation to the controversy, would confuse the issues, or would prejudice Plaintiff. Accordingly, the Court will not strike it on the grounds that it is conclusory.

### B. Defendant's Third Affirmative Defense

Defendant's Third Affirmative Defense alleges Plaintiff's claims in Counts II and III should be dismissed because they impermissibly exceed the scope of the charge Plaintiff filed with the EEOC. Plaintiff claims this defense is conclusory and should be stricken. The Court finds the defense provides Plaintiff with ample notice of its nature and therefore, should not be stricken. Again, there is no allegation that this defense has no relation to the controversy, would confuse the issues, or would prejudice Plaintiff. Accordingly, the Court will decline to strike it.

### C. Defendant's Fourth Affirmative Defense

Defendant's fourth defense alleges Plaintiff's claims are barred by the applicable statute of limitations. Plaintiff argues this is not a valid defense, but rather, a statement of law. Additionally, Plaintiff claims this defense is not sufficiently pled because Defendant has not provided any specificity regarding which of Plaintiff's claims allegedly

fall outside the statute of limitations. The statute of limitations is a valid defense. Indeed, it is one of the listed affirmative defenses in Rule 8(c). Moreover, the undersigned finds simply stating Plaintiff's claims are barred by the statute of limitations is sufficient alone to put Plaintiff on notice. See Blanc, 2008 WL 4059786, at *1 (noting that "[u]nder federal standards of notice pleading, it is not always necessary to allege the evidentiary facts constituting the defense. . . Thus, for example, a statement that '[t]his claim is barred by the statute of limitations,' gives fair notice of the defense and meets Rule 8 pleading requirements").

### D. Defendant's Fifth Affirmative Defense

Defendant's Fifth Affirmative Defense states:

> Plaintiff has failed to mitigate his damages by, among other things, failing to take reasonable steps to secure and retain other employment following his separation from employment with Chase.

(Doc. 16, p.7). Again, the Court finds this defense provides Plaintiff with sufficient notice and is therefore, appropriate. See Sembler Family Partnership No. 41, Ltd., 2008 WL 5341175, at *4 (defense stating that plaintiff's claim for damages is barred because plaintiff failed to undertake appropriate steps to mitigate its damages is sufficient to put plaintiff on notice).

### E. Defendant's Sixth, Seventh, and Eighth Affirmative Defenses

Plaintiff argues each of these defenses should be stricken because they fail on their merits. As noted above, the Court will decline to rule on the merits of any of the affirmative defenses at this time. Should Plaintiff wish to challenge the merits of any

defenses, a motion for summary judgment is the more appropriate vehicle for such challenges.

### F.     Defendant's Ninth Affirmative Defense

Defendant's Ninth Affirmative Defense states that Plaintiff's claim for punitive damages should be limited by the statutory cap specified in Florida statute §760.11(5). Plaintiff argues that this is not a valid defense, but rather, a statement of law. To support his claim, Plaintiff cites the Torres case which struck a similar defense as simply being a statement of law.  See Torres, 2009 WL 764466, at *2.  Defendant responds that it has no objection to withdrawing the defense.  As such, the Court will grant Plaintiff's Motion to Strike with respect to Defendant's Ninth Affirmative Defense.

### G.     Defendant's Tenth Affirmative Defense

Defendant's Tenth Affirmative Defense is an after-acquired evidence defense. Specifically, it states:

> To the extent Chase discovers during the course of this action that Plaintiff engaged in any conduct that would have warranted his discharge under Company policy, Plaintiff's right to recover damages beyond the date of such discovery will be cut off.

(Doc. 16, p.9). Plaintiff argues Defendant has failed to provide sufficient facts to support this defense. While Defendant has provided no factual support for this defense at this time, the undersigned finds it is an appropriate defense which puts Plaintiff on notice that if Defendant discovers any alleged wrongdoing, it will pursue an after-acquired evidence defense. Plaintiff is free to propound discovery regarding this defense and Defendant will be under a duty to supplement should any such evidence be discovered.

Moreover, because there is no argument that this defense has "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party," the Court will not exercise its discretion to strike it. Nankivil, 216 F.R.D. at 691.

### H.    Defendant's Eleventh Affirmative Defense

Defendant's Eleventh Affirmative Defense states:

> Notwithstanding Chase's general denials and previous affirmative defenses, to the extent Plaintiff established his alleged disability was a motivating factor for any employment decision challenged in the Complaint, Chase affirmatively states it would have taken the same action notwithstanding Plaintiff's alleged disability.

(Doc. 16, p.10).  While Plaintiff argues to the contrary, the undersigned finds this defense to be adequately pled and therefore, it will not be stricken.

### I.    Defendant's Twelfth Affirmative Defense

Defendant's Twelfth Affirmative Defense provides:

> Chase engaged in good faith efforts, in consultation with Plaintiff, to identify and make a reasonable accommodation that would provide Plaintiff with an equally effective opportunity and would not cause an undue hardship on the operation of Chase's business.  Accordingly, an award of compensatory or punitive damages is not appropriate in this case.

(Doc. 16, p.11).  Again, Plaintiff argues Defendant has provided no factual basis for its claim of good faith efforts.  The Court disagrees and finds this defense adequately puts Plaintiff on notice and therefore, the Court will decline to strike it.

### J.     Defendant's Thirteenth Affirmative Defense

Finally, Defendant's Thirteenth Affirmative Defense states:

> Chase has and had in place strong, officially-promulgated and user-friendly policies against discrimination to prevent and promptly correct any such unlawful conduct; thus, to the extent Plaintiff is able to prove that he was subject to discrimination, which Chase denies, Chase cannot be held vicariously liable or liable for punitive damages because of good-faith efforts to ensure compliance with the discrimination laws.

(Doc. 16, p.12). Plaintiff believes Defendant has improperly failed to provide specificity regarding any policies which would have prevented and/or corrected unlawful conduct. Once again, the Court does not agree. This defense is sufficient to place Plaintiff on notice of the nature of the defense and because Plaintiff has raised no argument that this defense has "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party," the Court will not exercise its discretion to strike it. Nankivil, 216 F.R.D. at 691.

### K.     Defendant's Request for an Award of Attorneys' Fees

In its Amended Answer, Defendant requests an award of its costs and attorneys' fees pursuant to Florida Statute §760.11(5) and paragraph 20 of the Release. (Doc.13). Plaintiff asks the Court to strike Defendant's request for attorneys' fees on the merits. As noted previously, the proper method to attack this request for fees is through a motion for summary judgment after discovery has been conducted. Therefore, the undersigned will deny Plaintiff's request to strike Defendant's attorneys' fee demand.

### III. CONCLUSION

The undersigned finds that with the exception of Defendant's Ninth Affirmative Defense, Defendant's affirmative defenses are not insufficient as a matter of law, do not confuse the issues, do not unnecessarily prejudice the Plaintiff, are adequately related to the controversy, and are not so vague or ambiguous that Plaintiff has no notice of the defenses he will face. As such, the Court will not strike them. The Court is making no comment on the probable success on the merits of these defenses, but rather declines to grant such a drastic remedy at the present time.

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Motion to Strike Defendant's Affirmative Defenses, Deny Request for Attorney's Fees, and Deny Defendant's Motion to Dismiss (Doc. 14) is **GRANTED in part and DENIED in part** as provided in the body of this Order.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  21st  day of July, 2011.

*Monte C. Richardson*
  MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Pro Se Plaintiff